UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PALL CORPORATION,

                          Plaintiff,                    <u>MEMORANDUM</u>
                                                    <u>OPINION AND ORDER</u>

      -against-                                     CV 97-7599 (RRM)(ETB)
                                                    CV 03-0092 (RRM)(ETB)

3M PURIFICATION INC.,

                          Defendant.
----------------------------------------------------------------------X

      Before the court is the defendant's motion for sanctions based on plaintiff's alleged intentional withholding of a substantial number of documents claimed by defendant to be responsive to its discovery requests. Specifically, defendant seeks: (1) to preclude plaintiff from offering a good faith defense to defendant's claim of inequitable conduct alleged in its counterclaim and to strike that defense from plaintiff's Answer to defendant's counterclaim; (2) to have an adverse inference drawn from plaintiff's failure to produce the alleged responsive documents that the withheld documents would demonstrate an intent to deceive the United States Patent and Trademark Office; (3) the attorney's fees and costs incurred by defendant in connection with all activities relating to plaintiff's good faith defense; and (4) any other relief that the Court deems appropriate. Oral argument with respect to defendant's motion was held on February 28, 2011. For the following reasons, defendant's motion is denied.

F<small>ACTS</small>

      Familiarity with the underlying facts of this action is presumed. By Memorandum

Opinion and Order dated January 20, 2010, this Court granted the defendant, 3M Purification, Inc.'s ("3M"), motion to amend its Answer, Affirmative Defenses and Counterclaims to assert a counterclaim that the patent at issue herein is unenforceable based on inequitable conduct by the plaintiff, Pall Corporation ("Pall"), and its counsel, during the reexamination proceedings that took place before the United States Patent and Trademark Office ("PTO") in June 2009. 3M filed its Amended Answer and Counterclaim on January 22, 2010.

After a discovery schedule was set with respect to 3M's new counterclaim, Pall moved for a protective order precluding 3M from seeking discovery of Pall's litigation counsel, who are members of the same firm as Pall's patent prosecution counsel. (Letter from Hartmann, H. to Boyle, J. dated Mar. 16, 2010.) Pall's motion was denied in all respects by Order dated April 8, 2010.

On May 3, 2010, 3M moved to compel the production of hundreds of documents that Pall withheld as either subject to the attorney-client privilege or as attorney work product, as identified in Pall's April 28, 2010 privilege log. (Letter from Leach, G. to Boyle, J. dated May 3, 2010.) By Memorandum Opinion and Order dated June 8, 2010, the Court granted 3M's motion to compel and ordered Pall to produce all of the documents withheld on the basis of privilege. Pall was warned that the failure to comply with that Order would result in Pall being precluded from offering evidence of its good faith in defense to 3M's inequitable conduct counterclaim at the trial in this action. (Mem. Op. & Order, dated June 8, 2010, at 6.)

Following the June 8, 2010 Order, Pall produced the documents identified in its April 28, 2010 privilege log and did not identify any further documents as being withheld on the basis of privilege or attorney work product. Pall's counsel, Mr. Korniczky, testifying as a Rule 30(b)(6)

witness, confirmed at his deposition that all responsive documents had been produced. (Def. Ex. 3.) However, 3M asserts that subsequent depositions of Pall's reexamination attorneys demonstrated that additional documents were still being withheld. Pall's counsel also instructed its reexamination attorneys not to answer certain questions asked during their depositions on the grounds of privilege and attorney work product.

Accordingly, 3M again moved to compel the production of withheld documents by letter motion dated August 16, 2010. (Letter from Leach, G. to Boyle, J. dated Aug. 16, 2010.) On October 13, 2010, the Court held oral argument with respect to 3M's second motion to compel and issued an Order directing Pall to produce the requested documents within ten days. On October 28, 2010, Pal produced approximately 9,000 pages of documents that were not previously produced or identified in any privilege log. Pall also produced another privilege log, dated October 29, 2010, demonstrating that additional documents were still being withheld on the grounds of privilege or attorney work product. (Def. Ex. 5.)

3M filed a third motion to compel on November 24, 2010, again asserting that Pall had not produced all of the responsive documents requested. (Letter from Leach, G. to Boyle, J. dated Nov. 24, 2011.) Pall responded by letter dated December 1, 2010, asserting that there were no further documents left to be produced. (Letter from Ortego, J. to Boyle, J. dated Dec. 1, 2010 at 2.) However, on November 30, 2010, Pall produced another 12,000 pages of documents, which 3M advised the Court of by letter dated December 3, 2010. (Letter from Leach, G. to Boyle, J. dated Dec. 3, 2010.) By letter dated December 7, 2010, Pall advised the Court that "most" of the 12,000 pages of newly produced documents were in fact previously produced, yet Pall chose to produce them again to "avoid any further disputes" with 3M. (Letter from Ortego,

J. to Boyle, J. dated Dec. 7, 2010 at 1.) Pall further advised the Court that "[t]he remaining 70 documents comprise internal e-mails and communications between the attorneys and the attorneys and Pall, working papers, and drafts of the filings in the second reexamination." (Id.)

By Order dated December 7, 2010, the Court directed Pall to "provide a complete list of any withheld 'litigation-related' documents" in response to 3M's document demands within five business days. (Order of Boyle, J. dated Dec. 7, 2010 at 3.) In response to the Court's Order, Pall produced over 2,800 pages of additional documents. (Def. Ex. 6-7.) Pall also produced another privilege log, dated December 14, 2010, consisting of 73 pages of newly identified withheld documents from its patent reexamination counsel and its experts, which identifies the documents as "irrelevant" to 3M's claim of inequitable conduct. (Def. Ex. 8.)

The parties appeared before the Court again on December 17, 2010. Following that conference, on December 21, 2010, Pall produced another 68 pages of redacted documents and a revised privilege log. (Def. Ex. 9-10.)

3M filed the within motion on February 11, 2011. Pall opposes the motion on the grounds that it has fully complied with all of the court orders and that 3M has failed to demonstrate any prejudice suffered to warrant such extreme sanctions.

DISCUSSION

I.  Legal Standard

Federal Rule of Civil Procedure 37 permits the Court to impose a variety of sanctions for discovery-related abuses. See Fed. R. Civ. P. 37; see also AAIpharma Inc. v. Kremers Urban Dev't Co., No. 02 Civ. 9628, 2006 WL 3096026, at *3 (S.D.N.Y. Oct. 1, 2006) ("Under Federal

Rule of Civil Procedure ("FRCP") 37, the Court may impose sanctions for discovery-related abuses."). "Rule 37(b) affords the court 'broad discretion in fashioning an appropriate sanction.'" Linde v. Arab Bank, PLC, 269 F.R.D. 186, 195 (E.D.N.Y. 2010) (quoting Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 101 (2d Cir. 2002)). The range of sanctions available to the Court include - but are not limited to - "orders deeming certain facts established; permitting an adverse inference instruction; striking pleadings; prohibiting the 'disobedient' party from making specific claims or introducing certain matters into evidence; dismissing a claim or the entire action or granting a default judgment against the disobedient party; or entering an order of contempt." Linde, 269 F.R.D. at 195 (citing Residential Funding, 306 F.3d at 101) (additional citation omitted).

Where, as here, a party alleges that the opposing party failed to disclose documents it was required to produce, the "moving party bears the burden of showing that its adversary failed timely to disclose information required by Rule 26." In re Sept. 11th Liab. Ins. Coverage Cases, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). To satisfy this burden, the moving party must demonstrate:

> (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had "a culpable state of mind"; and (3) that the missing evidence is "relevant" to the party's claim or defense such that a reasonable trier of fact could find it would support that claim or defense.

Id. (quoting Residential Funding, 306 F.3d at 107). "Any sanctions imposed by a court for failure to comply with discovery obligations, however, must be just and commensurate with the failure to comply." Biosafe-One, Inc. v. Hawks, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009)

(citing Fed. R. Civ. P. 37(b)(2)) (additional citation omitted); see also Rivera v. New York City Housing Auth., No. 94 Civ. 4366, 1998 WL 108032, at *1 (S.D.N.Y. Mar. 11, 1998) ("[A]ny sanction must be narrowly tailored to remedy[] the specific prejudice that the party seeking discovery would otherwise suffer.").

II.     Sanctions Sought by 3M

In addition to its attorney's fees and costs, 3M seeks to preclude Pall from offering a good faith defense to 3M's counterclaim alleging inequitable conduct, as well as the issuance of an adverse inference instruction that Pall's failure to disclose the documents at issue indicates that the documents would demonstrate an intent, on Pall's part, to deceive the PTO. The Court finds that none of the requested sanctions are warranted here.

Both an adverse inference instruction and preclusion are considered "extreme sanction[s]" that "should not be given lightly." Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 220 (S.D.N.Y. 2003) (describing an adverse inference instruction as an "extreme sanction"); Titan Indus. Corp. v. Federal Ins. Co., No. 94 Civ. 726, 1995 WL 438843, at *3 (S.D.N.Y. July 25, 1995) (describing preclusion as an "extreme sanction"). Such sanctions "will usually interfere with the overriding policy of deciding cases on their merits." Titan Indus. Corp., 1995 WL 438843, at *3 (citation omitted). While an adverse inference instruction requires a demonstration by the moving party that its adversary possessed a "culpable state of mind" in failing to timely produce the evidence requested, see Residential Funding, 306 F.3d at 107, preclusion requires the demonstration of prejudice to the moving party. See Passlogix, Inc. v. 2FA Tech., LLC, 708 F. Supp. 2d 378, 421 (S.D.N.Y. 2010) ("Preclusion is a harsh sanction

preserved for exceptional cases where a . . . party's failure to provide the requested discovery results in prejudice to the requesting party."). The Court finds that 3M has failed to demonstrate either.

Although 3M asserts that Pall has willfully concealed documents by failing to timely produce them, it has offered no evidence that Pall's late disclosures are motivated by bad faith or any other impermissible motive. In fact, 3M does not dispute that almost all of the documents it sought during discovery have now been produced, with the exception of a handful of documents that Pall has listed on its most recent privilege log. Moreover, 3M confirmed at oral argument that although it has had Pall's privilege log since mid-December 2010, it has not moved to compel the production of any of the documents contained therein, nor does it seek to compel any further document production in this motion. Rather, 3M asserts that there is no way to cure the within production problem and therefore, rather than seek to compel the production of the remaining withheld documents, 3M requests the sanctions of an adverse inference instruction and preclusion. The Court will not endorse 3M's position.

Moreover, 3M has failed to identify any prejudice it has suffered as a result of Pall's delayed production. As Pall points out, the Court has already ordered that certain depositions be conducted a second time, at Pall's cost. Pall produced the documents sought - with the exception of those listed on its privilege log - prior to this second round of depositions. Accordingly, 3M had access to the documents and the ability to question the deponents with respect to their contents during the continued depositions. As a result, 3M has failed to demonstrate any substantive prejudice suffered due to Pall's failure to timely produce the documents requested.

For the foregoing reasons, 3M's motion for sanctions is denied.

## Conclusion

For the foregoing reasons, 3M's motion for sanctions is denied in its entirety.

**SO ORDERED:**

Dated: Central Islip, New York
March 25, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge