

Thomas M. Crispi
212-745-0865
tcrispi@schiffhardin.com

666 FIFTH AVENUE
17TH FLOOR
NEW YORK, NY 10103

*t* 212.753.5000
*f* 212.753.5044

www.schiffhardin.com

June 15, 2012

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>   Re:   *Pall Corporation v. 3M Purification, Inc.*, Civ. Nos. 97-07599 (RRM/ETB) and 03-00092 (RRM/ETB)
>         Client/Matter No. 37631-0158

Dear Judge Mauskopf:

We represent 3M Purification Inc. in the above-captioned actions. We write to provide the Court with an update on the status of the case in advance of the upcoming June 20, 2012 conference.

Over the last several years while the reexaminations of the patents-in-suit were taking place, the parties advised the Court that certain items, including claim construction and dispositive motions, remained outstanding. The parties submitted various letter requests for permission to file these motions pursuant to the Court's Individual Judge's Rules. *See, e.g.*, Docket Entry Nos. 159, 245, 246, 259. These requests are still outstanding. Yet, this Spring in its request for a status conference from the Court, Pall stated that the "case is now fully ready for trial." *See* Docket Entry No. 275. While 3M Purification agrees that these actions should proceed to trial in a timely fashion, 3M Purification's position remains consistent: there are matters that must be completed before the case will be ready for trial.

The recently concluded reexamination proceedings materially impact the Court's prior claim construction rulings that were decided in 2001 and 2007. The arguments and positions taken by Pall before the United State Patent Office have altered and more specifically defined the critical terms of the asserted claims, and must be taken into account in construction of the claims.

3M Purification also requests the entry of a schedule for supplemental expert reports, with reports due after the issuance of the supplemental claim construction decision. The expert reports in the 97-07599 action were exchanged in 1999. In the 03-00092 action, expert reports were exchanged in 2004. Thus, the prior reports require supplementation to account for the Court's 2007 claim construction decision and for any supplemental claim construction. In addition, one of 3M Purification's liability experts has recently passed away, and 3M Purification needs the opportunity to replace that expert.



Honorable Roslynn R. Mauskopf
June 15, 2012
Page 2

  Lastly, 3M Purification requests that a schedule be set for the filing of summary judgment motions, the content of some of which may depend on the supplemental claim constructions. If they do not terminate the action altogether, these motions may result in a streamlining of the case.

  For these reasons, 3M Purification requests that the Court set a schedule for supplemental claim construction briefing, subsequent supplementation of expert reports and the filing of summary judgment motions.

                 Respectfully submitted,

                 /s Thomas M. Crispi /

                 Thomas M. Crispi

cc: All Counsel of Record (via ECF)

NY\51182923.1