UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

PALL CORPORATION,

                             Plaintiff,

                     -against-

3M PURIFICATION INC.,

                           Defendant.
--------------------------------------------------------x

**ORDER DENYING**
**RECONSIDERATION IN PART**

97 CV 7599; 03 CV 92 (PKC)

PAMELA K. CHEN, United States District Judge:

On March 31, 2015, this Court issued a memorandum and order granting Plaintiff Pall Corporation's ("Pall") motion for summary judgment on Defendant 3M Purification Inc.'s ("3M") inequitable conduct defenses, and denying 3M's motion for summary judgment on Pall's claims of willful infringement in the 1997 action, infringement in the 2003 action, and lost profits in both actions. (Dkt. 420, Memorandum & Order dated 3/31/15 ("Order")). 3M timely moved for reconsideration and requested oral argument. (Dkt. 425, 430).

3M's motion for reconsideration presents two issues. First, with respect to the Court's grant of summary judgment to Pall on 3M's affirmative defenses of inequitable conduct, 3M seeks reconsideration of the Court's finding that there is no genuine issue of material fact as to whether Pall's HDC-II filter constitutes "but for" material that Pall should have disclosed to the U.S. Patent and Trademark Office ("PTO") during the original prosecution of U.S. Patent No. 5,543,047 ("the #047 patent"). Second, with respect to the Court's denial of summary judgment on Pall's claim (in the 2003 action) that 3M's spiral-W filter infringes on the #047 patent, 3M urges the Court to adopt its proposed construction of the $h_{max}$ formula, which the Court rejected previously.

For the reasons set forth below, the Court denies 3M's motion for reconsideration in part, finding that 3M has failed to meet the standard for reconsideration with respect to its proposed construction of the $h_{max}$ formula. The Court defers a decision on 3M's motion for reconsideration with respect to the "but for" materiality of the HDC-II filter pending oral argument. The Court will hear argument on this issue on Thursday, September 17, 2015 at 2:00 p.m. in Courtroom 4F North. Each side shall initially have 20 minutes to argue. Lastly, as requested by 3M and not opposed by Pall, the Court corrects an error in the facts section of its March 31, 2015 Order.

## I.      STANDARD FOR RECONSIDERATION

A motion for reconsideration is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order. *See* Local Civil Rule 6.3. The grounds for reconsideration are an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The standard for granting [a reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.), *as amended* (July 13, 2012) (quotations omitted). Furthermore, arguments raised for the first time on reconsideration are not proper grounds for reconsideration. *See Image Processing Techs., LLC v.*

*Canon Inc.*, 10-CV-3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) ("[A] party is not permitted to 'advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration.") (citing *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)).

## II. CORRECTION OF ORDER

As an initial matter, the Court makes a correction to its March 31, 2015 Memorandum & Opinion. In discussing the first re-examination of the #047 patent, the Court overlooked the certification of correction issued by the PTO. Section I.F.1 is thus corrected to read (corrections in italics and strike-through text):

> On June 9, 2009, the PTO issued a re-examination certificate as to the #047 patent. (Dkt. No. 392–20 (Oldham Decl., Ex. 34)). *It corrected the re-examination certificate on September 15, 2009. (Dkt. No. 392-21 (Oldham Decl., Ex. 35)).* The re-examination ~~certificate~~ confirmed the patentability of claims *21, 22, 35–37, 75, 76,* 83–94, 97, and 105; cancelled claims 1, 54, and 81–82; amended claims 2, 9–10, 12, 14, 18–19, 24–25, 33, 45–46, 52, 53, 55–57, 60, 68, 70, 73–74, 77–79; noted that claims 3–7, 11, 13, 20~~–22~~, 26, 34~~–37~~, 48, 58–59, 61–64, 69, 71–72~~, 75–76~~ are dependent on an amended claim; and did not re-examine the remaining claims. (~~Id.~~ *Dkt. No. 392-20* at ECF 5*; Dkt. No. 392-21 at ECF 2*).

The Court thanks 3M for bringing this error to its attention.

## III. CONSTRUCTION OF THE H$_{max}$ FORMULA

3M seeks the Court's reconsideration of its determination regarding the h$_{max}$ formula. In its Order, the Court rejected 3M's argument to have the Court construe the h$_{max}$ formula as requiring the pleats to be tightly packed around the core of the filter. (Order at ECF 27). Noting that the time for claim construction had passed, the Court declined to adopt 3M's proposed construction, finding that the h$_{max}$ formula was unambiguously defined in the #047 patent and that Federal Circuit precedent counseled against reading a limitation from the specification into the asserted claims. (*Id.*).

As a reminder of the formulas at issue, the $h_{max}$ formula provides:

$$h_{max} = \frac{(D^2 - d^2)}{4(d + 2t)}$$

where "D" refers to the outer diameter of the filter element, "d" is in the inner diameter of the filter element, and "t" is the thickness of the filter element. (Order at ECF 3). The $h_{max}$ formula appears in the claims of the #047 patent. The formula N, on the other hand, appears in the patent specification, and provides the number of pleats in the filter. (Order at ECF 27). The patent specification notes that "adjacent pleats may contact one another along the inner diameter of the filter element" and the number of pleats N is determined by the formula $N = \pi(d+2t)/2t$. (Order at ECF 27).

In its motion for reconsideration, 3M argues that the Court erred when it failed to construe the $h_{max}$ equation to require the maximum number of pleats "N" to be tightly packed around the inner core of the filter. (Dkt. 426, 3M Memo on Reconsideration ("3M Recon Memo") at ECF 12–18). It now submits "that the appropriate course in this case is for the Court to consider the appropriate scope and meaning of the $h_{max}$ equation in order to resolve the parties' conflicting interpretations prior to trial." (*Id*. at ECF 17).

3M characterizes the Court's opinion as declining to conduct a claim construction of the $h_{max}$ formula. (3M Recon Memo at ECF 8 (quoting Order at ECF 27)). 3M's motion points out that the Federal Circuit has stated that the district court may engage in claim construction during various phases of litigation, and that district courts may engage in "rolling claim construction," whereby district courts may "revisit[] and alter[] [their] interpretation of the claim terms as [their] understanding of the technology evolves." *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1359 (Fed. Cir. 2006) (citing *Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) (further citation omitted)).

3M misconstrues the Court's Order. While the Court stated that it was declining to conduct a claim construction of the $h_{max}$ formula, it went on to evaluate the merits of 3M's arguments, finding that the $h_{max}$ formula was "unambiguously defined in the patent" and that the three documents cited by 3M in support of its proposed construction did not trump the definition of $h_{max}$ in the patent. *See* Order at 27. Thus, the Court rejected 3M's proposed construction of the $h_{max}$ formula on its merits, not by declining to take a position on the appropriate interpretation of the formula based on the current stage of the proceedings.

The Court therefore rejects 3M's bid for reconsideration of this issue because 3M is simply "taking a second bite at the apple", *see Analytical Surveys, Inc.*, 684 F.3d at 52, and has failed to demonstrate an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, 956 F.2d at 1255.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: August 20, 2015
        Brooklyn, New York